CASE NO. 23-2841

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| In the matter of ) | |
| ) | |
| GORDON GREEN, ) | |
|     Debtor/Appellant, ) | |
| ) | |
| ) | **Oral Argument Requested** |
| ) | |
| v. ) | |
| ) | |
| ) | |
| DAVID LEIBOWITZ ) | |
|     Trustee/Appellee. ) | |

Appeal from the Bankruptcy Court for the Northern District of Illinois
Bankruptcy Number 21 B 6189
The Honorable **Jacqueline P. Cox**, Judge Presiding
and
From the District Court for the Northern District of Illinois
District Court Number 22 CV 1402
The Honorable **Sharon Johnson Coleman** Presiding

### REPLY BRIEF OF APPELLANT GORDON GREEN

Attorney for Appellant
/s/ *Matthew Lee Stone*

**Matthew Lee Stone (6297720)**
**Benjamin Leo Schneider (6295667)**
**SCHNEIDER & STONE, INC.**
**8424 Skokie Blvd.; Suite 200**
**Skokie, IL 60077**
**Office: 847-933-0300**
**Fax: 312-509-4937**
**mstone@windycitylawgroup.com**
**ben@windycitylawgroup.com**
**ebrandes@windycitylawgroup.com**

# **TABLE OF CONTENTS**

**Table of Cases, Statutes and Other Cited Authorities** ................................................. III

**Argument** ..................................................................................................................... 1

    **I.**    **Appellee Fails To Offer Any Alternative Definition Of What "Tax Qualified" Means.** ............................................................................................... 1

    **II.**   **Illinois' Section 1006 Is Not Equivalent to the Federal Exemption Statute.** ...... 2

    **III.**  **This Appeal is About Setting Aside Semantics in Favor of the Clear Intent of the Governments of Canada and Illinois** ............................................ 4

**Certificate of Service** ................................................................................................... 7

# **TABLE OF CASES, STATUTES AND OTHER CITED AUTHORITIES**

**Cases**

*Arrowsmith v. Commissioner*, 344 U.S. 6 (1952) ............................................................. 1, 2

*Auto Owners Insurance v. Berkshire*, 225 Ill. App. 3d 695 (Ill. App. Ct. 1992) ............. 1

*Clark v. Rameker,* 573 U.S. 122 (2014) ............................................................................ 3, 4

*In re Jokiel*, 453 B.R. 743 (Bankr. N.D. Ill. 2011) ........................................................... 1, 3

*In re Linda B.*, 2017 IL 119392, 91 N.E.3d 813 ................................................................... 4

*In re Marriage of Branit*, 2015 IL App (1st) 141297 ........................................................... 3

*In re Schoonover*, 331 F.3d 575 (7th Cir. 2003) ................................................................... 1

*In re Weinhoeft*, 275 F.3d 604, 606 (7th Cir. 2001) ............................................................ 1

*Wittman v. Koenig,* 831 F.3d 416 (7th Cir. 2016) ................................................................ 1

**Statutes and Rules**

11 U.S.C. § 522 ................................................................................................................. 2, 3, 4

26 U.S.C. § 401 ....................................................................................................................... 2

26 U.S.C. § 403 ....................................................................................................................... 2

26 U.S.C. § 404A ................................................................................................................ 2, 5

26 U.S.C. § 408 ....................................................................................................................... 2

26 U.S.C. § 408A .................................................................................................................... 2

26 U.S.C. § 414 ....................................................................................................................... 2

26 U.S.C. § 457 ....................................................................................................................... 2

26 U.S.C. § 501 ....................................................................................................................... 2

735 ILCS 5/12-1006 ......................................................................................................... passim

United States-Canada Income Tax Convention, 1984 WL 23337 ................................... 5

New York Debtor and Creditor Law § 282 ................................................................. 2

Illinois 86th General Assembly, House of Representatives Transcription Debate,
May 19, 1989 ............................................................................................................... 5

**Citations to the Record**

Appellee's Brief ......................................................................................................... 1, 4

Memorandum Opinion and Order, District Docket #20 ............................................... 1

**ARGUMENT**

I.  **Trustee Fails to Offer Any Alternative Definition of What "Tax Qualified" Means.**

Appellee Leibowitz ("Trustee") correctly states that Section 1006 only provides an exemption to "tax qualified" retirement plans. *Appellee Brief* 13, *citing In re Weinhoeft*, 275 F.3d 604, 606 (7th Cir. 2001). But *Weinhoeft* does not define "tax qualified" and neither does Trustee. No court has offered a rigorous definition of the term "tax qualified" and that is an omission this court should correct.

This court has held more than once that retirement funds must be held in "a trust or equivalent arrangement, segregating the assets until retirement." *In re Schoonover*, 331 F.3d 575 (7th Cir., 2003), *see also Auto Owners Insurance v. Berkshire*, 225 Ill. App. 3d 695, 700 (Ill. App. Ct. 1992). That requirement is not at issue here, and *Schoonover* did not specify whether "tax qualified" means any such funds or whether segregation is not sufficient because some preferred tax treatment is necessary. Other lower courts have added this requirement. *E.g. In re Jokiel*, 453 B.R. 743 (Bankr. N.D. Ill. 2011). Rather, as the District Court posits, "tax qualified" appears to mean plans "intended to qualify for one or more forms of preferred tax treatment." Memorandum Opinion and Order, District Docket #20, 6 *citing Jokiel*. This reasoning was similarly followed by this court when it held that an annuity would "comply with the Internal Revenue Code" if it was eligible to receive tax deferral applicable to annuities. *Wittman v. Koenig*, 831 F.3d 416, 421 (7th Cir. 2016).

To this point, Appellant Green ("Debtor") takes no issue with the District Court's analysis. The conflict lies in what tax benefits would render a plan "tax qualified." Debtor has suggested, and the Supreme Court agrees, that deductions do convey a "preferred tax position."

1

*Arrowsmith v. Commissioner*, 344 U.S. 6, 9. (1952). No-one disputes that Section 404A offers deductions, nor that those deductions mirror similar rights granted under I.R.C. § 457(a) for domestic Deferred Compensation Plans (which are exempt). Trustee simply says that deductions are not what makes something "tax qualified." But Trustee never offers any alternative, nor does the District Court.

Debtor therefore argues that there is no reasonable alternative analysis. Qualified Foreign Plans do get preferred tax treatment, comparable to domestic plans, and therefore are tax qualified.

**II.     Illinois' Section 1006 Is Not Equivalent to the Federal Exemption Statute.**

Trustee spills much ink again repeating the argument that Section 1006 is no broader than the statutes which give specific lists of Internal Revenue Code sections that qualify for exemption. None of those statutes includes a catch-all "intended in good faith" provision. In fact, the statutes do not even agree with each other as to which provisions should apply. New York's statute applies to plans under IRC §§ 401, 408 and 408A only. New York Debtor and Creditor Law § 282(iii)(2)(f). The Federal exemptions in Section 522 applies to §§ 401, 403, 408, 408A, 414, 457 and 501(c).

In Illinois, this Court must address whether Section 404A is "intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986." What does "applicable provision" mean here? Applicable means a provision that addresses the kinds of accounts the Illinois legislature was seeking to protect. That means retirement accounts; accounts that deal with sums of money set aside for when a person can no longer work. Section 404A addresses such sums of money which were earned in foreign countries. If the sums meet certain criteria, they are "qualified" foreign plans. The Sun Life Fund, and all

2

qualified foreign plans, are thus qualified by an applicable provision of the Internal Revenue Code.

The cases cited by Trustee do not rebut this conclusion. The Illinois Courts have held that Section 12-1006 shares the Federal Section 522's purpose of providing a debtor "with the basic necessities of life." *In re Branit*, 2015 IL App (1st) 141297 at 25. That, according to *Branit*, is why inherited IRAs would not qualify for exemption because the debtor there did not set aside the funds for his own retirement. *Id* at 26. But *Branit* does not consider what a "tax qualified" fund might be because it does not need to reach the issue.

Here, the Sun Life Fund was set aside by Debtor for the purpose of retirement, so the requirement stated in *Branit* is satisfied. The Court therefore cannot look to *Branit* or *Clark* (which reached the same conclusion about the federal statute) as a basis to disqualify the Sun Life Fund's status as a qualified foreign plan or as a basis to argue that it is not "tax qualified." *Clark v. Rameker,* 573 U.S. 122, 122 (2014).

Similarly, *In re Jokiel*, stands for the opposite proposition as Trustee contends. 453 B.R. 743. While the Court did observe there that the four specifically enumerated examples of retirement plans in Section 12-1006(b) were equivalent to the four provisions cited in the federal exemption statute, the Court's analysis there did not end with that provision. 453 B.R. 743, 747-749. *Jokiel* then separately analyzes the catch-all "intended in good faith" provision in Section 1006(c), recognizing that there may be additional provisions in the Internal Revenue Code that do not match the federal exemptions alluded to Section 1006(b) but do match the catch-all in Section 1006(c). *Id.* at 749. The Court in *Jokiel* did ultimately hold that the "top hat" retirement plans did not qualify as exempt, but its analysis about a good faith intent to qualify makes no mention of the federal statute whatsoever. Just because Section 1006(b) lines

3

up with the federal statute does not excuse a separate analysis of the good faith intention provision in Section 1006(c).

Again, Debtor is not arguing that Qualified Foreign Plans are contemplated by the federal exemption statute. Debtor is arguing that the Illinois statute contemplates them in its choice of broader, catch-all language in Section 1006(c).

### III. This Appeal is About Setting Aside Semantics in Favor of the Clear Intent of the Governments of Canada and Illinois.

Trustee opens his response brief by accusing Debtor of a failure of logic, and trying to argue that a "a dog is not a cat." Appellee Brief, 9. To Debtor's view, the better use of animal metaphors is a common aphorism adopted by the Illinois Supreme Court: "If it looks like a duck, swims like a duck and quacks like a duck, then it is probably a duck." *In re Linda B.*, 2017 IL 119392, 91 N.E.3d 813, 823.

In *Linda*, the Illinois State's attorney was trying to draw artificial distinctions between hospital wards to imply that a patient had not been involuntarily admitted to a mental health facility when she was involuntarily held in another wing of the hospital instead. *Id.* The Court there rightly pointed out that Illinois had used an "extremely broad" definition of "mental health facility" to avoid such semantics. *Id.*

Here too, the Illinois legislature opted out of Section 522 in favor of its own, "extremely broad" statute for the purpose avoiding semantics. Any retirement plan "intended in good faith" to qualify under applicable provisions of the Internal Revenue Code is sufficient. 735 ILCS 5/12-1006.

"Retirement funds" are "sums of money set aside for the day an individual stops working." *Clark v. Rameker*, 573 U.S. at 122 (2014). The Illinois legislature also wanted to

4

exempt retirement funds from a bankruptcy estate because (1) they wanted such plans to be "sacrosanct to some extent," and (2) they prevented a former taxpayer, particularly a former small business owner, from becoming "thereafter a tax eater by being on the public dole." State of Illinois 86th General Assembly, House of Representatives Transcription Debate, May 19, 1989 (*included in the* Supplemental Appendix of Appellee at SA-3).

As set forth at length in Debtor's Appellant brief, the Sun Life Fund looks like a retirement plan, functions as a retirement plan, is taxed as a retirement plan (including garnering special deductions) and is even called a registered *retirement* savings plan. That does not make it a duck, but it does probably make it a tax qualified Retirement Plan.

As far as the Canadian government's intent, Debtor has cited and Trustee has not contradicted that the United States and Canada reached a treaty which recognizes these foreign retirement plans. United States-Canada Income Tax Convention, 1984 WL 23337. Section 404A, in the furtherance of this convention and other treaties in the same vein, contemplates the existence of foreign retirement plans and delineates which of those plans are entitled to special tax treatment. They are "Qualified Foreign Plans," which means they are tax qualified. The Sun Life Fund is intended in good faith to be a Qualified Foreign Plan. IRC 404A(e).

The Court should recognize that cases such as this are precisely why Illinois used broad language and overturn the ruling of the lower courts. The Sun Life Fund should be treated as sacrosanct, protected to keep Debtor from becoming a "tax eater." IL House Debate, *SA-3*.

Other than arguing for a blanket country of origin requirement, Trustee has failed to offer any reason why Illinois would have opted out of the federal exemptions and selected broader language if not to distinguish itself from them. The logical conclusion is that there are other provisions Illinois wished to cover – 404A is one such provision.

The decisions of the Bankruptcy Court and District Court must therefore be reversed.

/s/ Matthew Lee Stone
Respectfully Submitted

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that the service will be accomplished by the CM/ECF system.

Attorney for Appellant
/s/ Matthew Lee Stone

**Attorney ID # 6297720**
**SCHNEIDER & STONE, INC.**
**8424 Skokie Blvd. Suite 200**
**Skokie, IL 60077**
**mstone@windycitylawgroup.com**
**Office: 847-933-0300**